Oral argument not to exceed 15 minutes per side. Mr. Glassman, Board of the Attorney. May it please the court, Ben Glassman on behalf of the United States. I'd like to reserve four minutes for rebuttal. Fine, you may proceed. The district court erred in its construction of 18 United States Code section 2252B2. Specifically relevant to this case is that part of the statute that lists as a valid predicate a conviction under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. The district court thought that involving a minor or ward applies to all three categories. That is incorrect. The reason it's incorrect is the way it's written. The grammar has commas, lists three things, and involving a minor or ward applies only to the last one. The district court recognized this, said that under the canon of statutory construction called the rule of the last antecedent, normally it would read involving a minor or ward as attaching only to the last of these three categories. However, the district court thought that there were other indicia of meaning that overcame it. The district court's reason for overcoming it was the title of the specific offense that the defendant committed and the chapter in the United States Code in which it occurred. Those relate to children. The problem with that analysis is that that speaks only to the offense conduct that is listed there. It doesn't say anything about the recidivist enhancements. And to the contrary, there are strong indicia of meaning within the text of the statute itself that confirm that the statute should be read as it is written as involving three different things. What about the Gardner case? Where Gardner says, which part of the Gardner case? Well, Gardner, the argument could be made that Gardner has already decided this question against you. That Gardner says involving a minor or ward applies to the first two terms as well as abuse of sexual conduct. I don't think that Gardner actually did decide that question, Your Honor. It says, at issue here is whether Gardner has a prior conviction in Virginia for sexual abuse involving a minor. And sexual abuse is the second term, not the third. So the statute is relating to aggravated sexual abuse, sexual abuse, or abuse of sexual conduct involving a minor or ward. And the very next sentence is, at issue here is whether Gardner has a prior conviction in Virginia for sexual abuse involving a minor. And there's another passage later on which also indicates that the holding involves applying involving a minor to the second term. Well, I don't think, I believe that the way that the issue was raised as stated in what Your Honor just read was what was presented at issue in that case. There was no argument, as I read it, that there were three different terms. In fact, if the court pulls the briefing on that, that's exactly how it was raised. So your position would be that the statement in Gardner was due to poor briefing, in other words, not briefing of the issue by the parties, and therefore the court made a mistake in its construction of the statute? I don't think that the court construed the statute in that regard. It simply decided the issue that was presented to it. Well, you can't decide an issue presented to you if the issue is premised on an incorrect interpretation of a statute. Unless you say explicitly, we don't think this is a correct interpretation, but we're going to hold the government to its concession in Gardner that involving a minor affects the second term. I don't believe that the government conceded anywhere in that case that involving a minor is attached to the second term. I don't believe that was a concession. Yeah, I haven't read the brief, so I don't have any position on that. In Gardner, did they ever get to the question of whether the last phrase modifies sexual abuse? No, I don't believe so. They assumed it did. Yes. They assumed it did because the briefing didn't tell them this is a hot topic. Gardner said exactly what it said. It said, at issue is this, and it decided that question. That would be as if in this case we had appealed and I had argued to this court that at issue here is whether or not Mateen's prior conviction qualified because, in fact, under a modified categorical approach, we can see that it involves a child. You wouldn't have to resolve any other issue other than to say, well, no, it doesn't, under a correct interpretation of the statute and the modified categorical approach. And Judge Moore, I would add that if the court had actually made that holding, I mean, that would be clearly wrong, demonstrably wrong, because we know that, and this was part of the point I was about to get to, that among the federal offenses are many that are not limited to a minor award. I mean, it says explicitly that anything in Chapter 109A, a federal conviction, counts. So Gardner couldn't possibly have really held that, or I certainly wouldn't be eager to say that Gardner made a holding on an issue that wasn't, a question that wasn't briefed to a holding that's demonstrably wrong. Has any court of appeals held with reasoning the way Gardner stated the law? No. So there are district courts, obviously, such as the one that we're reviewing. Well, I'm aware of the one we're reviewing. I'm not aware of others. The district court, you'll note, in a relatively careful written opinion, cited no authority in support of its view. And to the contrary, every court of appeals that has addressed the question has come out the way the United States is advocating here, uniformly, both because of the way the text is written and because of, as I said, there's no reason to think that federal offenses would not be required to involve a minor award, but state ones would. There's just... Well, couldn't there be, hypothetically, a reason that we're dealing with a recidivism type of provision and the federal government is more concerned about people who are violating federal laws? Hence the whole of Chapter 109A. And less knowledgeable about people who are violating state laws, and therefore wants to mostly protect against people who are violating children. No, I don't think so. There's certainly no indication of that, either in the text of the statute or in any of the legislative history. I mean, as my colleague has quoted, the point is problem of recidivism with respect to sexual exploitation, period. So I'm not sure that there is something that would suggest the sort of reason that the court is suggesting in the question. And in fact, the provision under any state law relating to these three things suggests that Congress is interested in capturing the broad reach of any conviction that's relating to one of those subjects. So I think, to the contrary, the text of the statute indicates that Congress is interested in capturing anything that stands in relation to those. And I think that would make good sense that a prior federal conviction would cover roughly the same stuff as a prior state conviction. We're trying to get at the problem of recidivism. Is there any legislative history that's pertinent to this phrase? I don't believe so. My colleague has quoted in his brief, I think all there is, I don't think there's anything else. I suppose we could add that I believe this was adopted at the same time as the adoption of sections 2241 through 43 in Chapter 109A. So to the extent that there's a resemblance between them, perhaps the court could draw the inference that they're parallel. But otherwise, there's nothing specific in the legislative history that would support my position other than what I've already written in the reply brief. In any event, Judge Moore, the statute is clearly written in such a way that we're talking about three different things. I don't think there's any dispute about that. So the question is really not whether Congress could theoretically have come up with some reason for treating state and federal crimes differently. And I've said they didn't. But it would have to be a really strong, obvious inference to overcome really the rule of the last antecedent, which is to say the plain meaning of how the statute is written. And I would just add that I don't think there's any dispute that if we prevail on this issue, in fact, Mr. Mateen's prior conviction under Ohio law does qualify, and I think that resentencing would be in order because the district court sentenced at what it believed to be the statutory maximum sentence. So I don't think there's any good argument that the error here is harmless. If there are no further questions, I will yield the balance of my time to my colleague. Good morning, Your Honors. May it please the Court. Kevin Shadd from the Federal Public Defender's Office, peering for Mr. Mateen, who is the appellee. This Court does not write on a blank canvas with regards to this issue. We have the McGratton case, which talks about the fact that when we're looking at this particular issue, we are supposed to use a Shepard-Taylor analysis. I know that the government keeps using the term related to, but that has already been settled by the McGratton case. And, in fact, one of the Third Circuit cases that the government relies upon in this case, the Court had before McGratton and rejected that basis for analysis. I think, second, this Court has to take into account the Dottilio case, which was... Just so that I make sure that I understand this, because this is, at least in my view, certainly one of the more confusing cases that we have for this whole week. If we don't define related to as expansively as the government is arguing in this case, then you still have to come up with a definition of sexual abuse, right? Absolutely. Now, what's wrong with using, say, a Webster's Dictionary definition? Well, I would submit that I think that it's clear that when you look at those three phrases, and you have to define them, and actually the Shepard-Taylor analysis tells us that we have to define them. I think Taylor says that we have to define them in their generic sense, right? And what I've seen in the case law on that is that we take a look... We don't use Webster's necessarily, but we take a look at what the 50 states are doing and what treatises do with regards to each of these offenses, and we use that definition. Not necessarily the federal definition for the federal offense, but we use that more generic definition to define these. But in this case, we have the Datilio case as well, which I think is the second point here, because Datilio has already looked at Ohio's GSI statute. Now, they looked at it in the context of the one subsection of the statute that's not before us, because I think everybody in this case admits that this is a fourth-degree felony in this case, which means that in this case, there was not an element that it needed to be a minor, and that's where Gardner comes into play, and we'll talk about that a little bit later on. But once we agree that it's a fourth-degree felony, do you also agree that the only one logically it could fall under would be 2907.05A1? Your Honor, it may be that logically it would fall under that, but as this Court's aware from looking at prior state convictions, part of the reason that we have this Shepard-Taylor analysis in the first place is that looking back into the state record becomes a quagmire for federal courts and federal sentencing courts, and it's the reason we made this analysis in the first place, because we don't want to get into determining what they found, what they didn't find, because of the plea bargaining process. I get all that. So do you disagree that it's A1? What the record shows is that it is the GSI statute, and that's all it shows. So because of that, do you disagree that it's A1? I disagree that the record shows it's A1. Alright, so do you then argue that it's something other than A1? I argue that it is only not, I think it's subsection 4, I think it's subsection 4 is the one that requires the minor. So it's any of GSI but that. Excuse me, 4 is third-degree, so that doesn't help. Then it's 3? 4 is the one involving the less than 13-year-old. Yeah, that's the one I want. The statute tells you that A4 and B are both third-degree, so everybody rules those out. Correct. So you neither advocate for or against it being any particular one of what's left, i.e. A1, 2, 3, or 5? Absolutely. The Shepard-Taylor documents do not get us farther than that. Yes, so did you have more? No, I'm just trying to figure out your position. So when we take Dottilio, and Dottilio actually says that Ohio's GSI is akin to the third on the list, which is abusive sexual contact with a minor or war. That's what Dottilio makes its analysis to. It gets you to the bit of shifting sand in this case, which is which of the three does the government contend this falls under? When you say which of the three, you mean aggravated sexual abuse, sexual abuse, or abuse of sexual conduct? Correct. If you take a look at their brief, they actually never come down and say it's this one or it's this one or it's this one. My understanding, and tell me whether this is wrong and what problem it would present, is that they just simply talk about sexual abuse because they win, and they don't have to get to aggravated sexual abuse so they don't get there, so they don't bother. Do I misunderstand this? Maybe I misunderstand their brief, but the way I read it, they actually never come down and say which of the three that they're relying upon. The easiest one for them to prove, obviously, would be sexual abuse. Absolutely. The problem is, again with Dottilio, this court has already said that GSI is connected to the third, which is abuse of sexual conduct with a minor award. When you have it connected already by this court to the third, now in this case, and the reason is because of the definition of sexual contact. In Dottilio, the court looked at the definition of sexual contact and actually said that the Ohio version of sexual contact and the federal version of sexual contact are closely aligned to each other, was the language that was used. I'm sorry to interrupt again, but you keep referring to Tillio? Dottilio. Dottilio, okay. I'm sorry. I was mushing my mouth a little bit. Is Dottilio a published case? It is not. It is found in the federal appendix. Is it cited in your brief? It might not be in my brief. I think it's in the government's brief and it's in the court's decision in the court below. It's cited on several different pages in the government's brief. Yes. So I felt I could rely on it. But you obviously weren't relying on it in your brief.  So you're saying that this unpublished case, Dottilio, decides that the Ohio statute that we're dealing with calls the Ohio statute abusive sexual conduct rather than sexual abuse? It's abusive sexual conduct, yes. And that would require, everybody agrees. That would require involving a minor because involving a minor follows the words abusive sexual conduct. Absolutely. So you don't even mention Dottilio in your brief. So now what you're saying is, you're not contending it's binding, obviously. You're just saying it's persuasive. It's persuasive. It can't be binding because it's an unpublished opinion. Right. Yes. So it's persuasive, but you don't even mention it. It persuaded me in preparation for oral argument. This is a new argument. This is a new argument that you are making now before us that you didn't make in your brief if you didn't cite Dottilio. It's not. Certainly we challenge that this offense even qualifies anyway. We make that challenge in our brief. I admit I did not cite Dottilio. The government cited Dottilio. The court below cited Dottilio. It's properly before this court. So just from a common sense standpoint, if we can ever get to that, why would gross sexual imposition, when it is described as an offense purposely compels the person or one or the other person to submit by force or threat of force, not fall within sexual abuse? Does that even make logical sense? If it was sure that he was convicted under A-1, we could maybe have that conversation, but we don't have that in the record here. You're reading from A-1 again. But that's not the only one that is involved in this case because taking the categorical approach, you can only bore down into the record as far as you can get into the state record. And that's the problem with this case is we don't know which subsection he pled guilty to. We don't know which subsection he was found guilty of in the case. The only thing we can get to is it's not A-4 because it's a fourth degree felon. All the rest of them are in play. So they're going to have to prove, in order to win their case, they have to prove that all of the other ones would apply. And that's the only way you can do it under that categorical analysis. Let me move on to say that getting to this argument that the federal statutes that are listed first prior to this state language, that those are akin to the state charges and therefore we can use those federal statutes to show that Congress obviously meant to capture this other conduct. Let me go back because I'm still hung up on this. Obviously we're limited in when and for what purpose we can look at what actually is shown in say the charging documents. But at least as a general proposition, if the categorical approach is clear, then we can't. But I would have thought that if the categorical approach at that step is then indeterminate, then we can proceed at that stage to the modified categorical approach. In which case, why can't we look at the documents to see that there's no mention at all of administering drugs, controlled substances, all the other things that are in A, 2, 3, and 5. Why can't we do that? Well we could, but that's what gets us to Gardner. And Gardner says that even if you admit to conduct which would qualify... If we're bound by Gardner, you win. But if we're not bound by Gardner because they didn't get it, they didn't get to this point, then why can't we do what I'm just asking? But Gardner did get to the point that you just asked me about. And the reason for that is that Gardner says that, and we'll just use an example, let's say that he pled to an A, 2 offense. So Gardner says that if you plead to an A, 2 offense, and you plead to all the elements of A, 2, and then the prosecutor throws in, and oh by the way, it was a minor. And you agree that it was a minor when you plead guilty. The fact that you agreed to that as part of your plea agreement doesn't make it an element. And therefore, because it's not an element, you can't use it as an enhancer. That's what Gardner says. So you only look to the elements... But our whole discussion earlier was whether or not Gardner was intending to confine that only to that third phrase, the minor to the third phrase, as opposed to the preceding phrases. Yes, well let me take this back to our case here. We don't know from the record, despite having the plea hearing, we don't know from the record which subsection he pled guilty to. We know the facts that he pled guilty to, but we don't know which subsection he pled guilty to. And we know that the facts rule out A, 2, 3, and 5, do we not? No, because just as in Gardner. In Gardner, those facts could have led Gardner, them to saying that Gardner violated a different subsection of the Michigan statute as well. And even if he admitted to those facts, and even if he did those facts, the fact that he pled to another subsection that didn't require some of those facts that he in fact pled guilty to, that meant that it didn't qualify. So in this case, I understand, Your Honor, why this is a quagmire. And it's because we may know what facts he pled guilty to. We may know what the judge said, what the prosecutor said, and what he admitted to. And you can say, well those facts obviously make it an A, 1. But we don't have anything in the record that shows us that he in fact pled guilty to an A, 1. And that's a problem. Well, let me try this out on you. It seems to me normally this comes up in the question, in the context of whether we can actually use a fact. That's what we normally see. Here, you're saying that we can't use the fact, and there may be other facts, so therefore we can't figure out why. Is there any case that takes that last step? I think Gardner in fact takes that last step. Is there any case other than Gardner that we've sort of... Gardner's a published opinion, though. I get that. No, I don't know of any other than... If we don't read Gardner for the proposition that you're now ascribing to it, is there any support for that? I'm not aware of another case. All right, thank you. So the basic question that we explored at some length with your opponent is, should we view Gardner as binding us on the question of whether involving a minor applies to sexual abuse? Why is your opponent wrong? Your Honor, I hate to concede any issue, but I would agree with my... That would be a first if you did. Yes, I would agree with my opponent that I don't know that that particular issue was before the Gardner court. I've not read the briefs. I think Mr. Glassman may have. I've only read the Gardner decision, but my reading of the Gardner decision doesn't lend me to believe that that particular issue ever got before the Gardner court. I think it was an assumption, and I don't know that it was a holding. But I don't think that loses our case in any event in this case, because for all the reasons that I've... But does that mean, then, that whenever a court such as ourselves says something as a matter of black-letter law, a subsequent panel should go look at the briefs in that case and see if the issue was actually litigated? No, I mean, and that happens quite a bit, obviously, and then we're bound by it later on. I understand that. Because basically that approach would say everything in the circuit is fair game, that our rule that the first panel to rule on something binds the rest. It doesn't bind when anybody can say, oh, you didn't really carefully consider this topic. You just said something in passing. And I certainly don't want to make Mr. Glassman's argument for him, but I guess it comes down to whether or not that phrase in Gardner you believe is black-letter law or whether it's dicta. We're not even considering here whether they carefully considered it. We're addressing whether they considered it at all. They said that the holding was because there wasn't a showing that a minor was involved, the crime did not count. So it was part of the holding. I'm happy to accept that interpretation. But you're not being very helpful in defending it. Thank you, Mr. Young. Hopefully without being too scattershot, I'd like to try to clear up a few points. With respect to my colleague's contention that the government never says which subsection we're talking about, if you look at bottom of page 22, top of page 23 of our brief, we say that if you're going to use the modified categorical approach, then his conviction would qualify as either relating to aggravated sexual abuse or, at the least, sexual abuse. So that's our position there. And Judge McKeague, with respect to your colloquy with my colleague regarding looking at the facts, I think my colleague is talking about looking at the fact that the victim was a minor. And I would agree that if we're talking about the modified categorical approach, the district court below got that right. You can't consider that fact because, as you said, that's the wrong degree of felony, but you certainly can look at the fact that it involved force. That was his admission, and that is A-1, as the court said. That's our backup argument, though. But then he goes on to say, but we don't know which one it is because 2, 3, and 5 are sort of force plus, and there wasn't any discussion of that. So he wants to extend this doctrine to say, and there might be other facts. So not only can we not consider the facts that we know to be facts, but we have to consider that there might be other facts even though nobody mentioned it. That's just what seemed odd about the argument to me. Yeah, I don't think that's the law. I would just look at the Deskamp's opinion from the Supreme Court, which seems to lay this out, his most recent opinion. I think it says that if you've got a divisible statute as opposed to an indivisible one, but if it's divisible into subsections, if you're trying to figure out which subsection we're talking about, you can use the Shepard documents. And in this case, you use the Shepard documents. You see that it involves force, so it's A-1. So does Deskamp overturn the aspect of Gardner that your opponent was focusing us in on? No, I didn't think Deskamp... They can coexist. Yeah, I think so. I think so. Going back to the point about Gardner, it might be a more difficult question if the Court had made a clear holding that we read involving a minor to involve all three parts of the statute. It didn't say that. In fact, it was explicit at the start of its opinion that at issue here is whether Gardner has a prior conviction in Virginia. But that's because they were applying the sexual abuse component, weren't they? At issue here is whether Gardner has a prior conviction in Virginia for sexual abuse involving a minor. That should trigger the mandatory minimum. That particular question was raised and decided in Gardner, and I don't have a problem with it. And because of the rule of last antecedent, you're saying that they were only considering the third phrase. That's all that was presented. No, sexual abuse is the second phrase, isn't it? Yes, but abusive sexual conduct involving a minor is the third phrase. Yes. So they really used language that didn't closely track with either the second or the third. Perhaps it was less clearly written or advocated than it should have been either way. I'm sorry, I do not understand this. On page 442 of the Gardner opinion, at issue here is whether Gardner has a prior conviction in Virginia for sexual abuse involving a minor. Sexual abuse is the second term, not the third term. Yes, we're talking about the exact same language, and perhaps it should have been more clearly written or more clearly presented, but I do not read that as a holding that aggravated sexual abuse or sexual abuse must involve a minor in order to come within the terms of the statute. But they then say this did not involve a minor, therefore it doesn't count, right? Yes, that's answering the question that was raised as stated in that opinion. I would certainly be loath to ascribe to the opinion a holding that is clearly wrong, clearly incorrect, and demonstrably so, with reference to, for example, Chapter 109A. So I certainly don't read that as a holding. I don't read it as the United States having taken that position or waived anything or made any confessions, and I am confident that both that, what I'm advocating before the Court today is the position of the United States and that every circuit court to have explicitly considered and resolved that question has done so in the manner that I'm advocating. Therefore, I think the Court should reverse and remand for resentencing. Thank you. Thank you both. It's a fascinating case. Appreciate your arguments, and the case will be submitted.